HARRIS, J.,
delivered the opinion of the Court.
This case, as presented in the pleadings and proof, *217 shows that the complainant was the individual owner of $100 of stock in the Winchester & Alabama Railroad Company, and that he was indebted to the Company the sum of $100 in cash, for the stock.
The defendant owned, individually, $1000 of stock, for which he owed the Company $1000 in cash. The complainant and defendant jointly entered into a contract with the Company for the construction of sections 18 and 19 of said road, for which they were to receive the sum of $3300.
It was stipulated in the contract with the Company that one-third of this amount was to be paid in the stock of the Company, and the balance in cash. The Company, however, paid them off without giving them any additional stock, but applied $100 of the amount due them to the payment of the stock previously subscribed for by the complainant, and $1000 to the payment of the stock previously subscribed for by the defendant. The balance, amounting to $2200, was cash.
When the complainant and defendant attempted to settle the matter between themselves, they disagreed. The complainant demanded from the defendant for the $900, which had been paid by their joint labor for the defendant, more than had been paid for him, $450 in cash. This the defendant refused to pay; but proposed, in lieu thereof, to transfer to him $450 of his stock, which the proof shows was of very little if any value, and which the complainant refused to accept.
The parties being unable to agree, the complainant has brought this bill, to settle their partnership business.
On the hearing, the Chancellor decreed that the defendant should transfer to complainant $450 in the stock of *218 the Company, in satisfaction of complainant’s demand. From this decree the complainant has appealed to this Court. The only question made here is, whether the complainant shall be compelled to receive the $450 in stock, which is comparatively worthless, or is he entitled to that amount in cash from the defendant ?
The argument for the defendant is, that by the terms of the contract with the Railroad Company, they were to receive one-third of the amount due them for their labor in stock, and that when the complainant is compelled to receive the stock, he gets precisely what he contracted for.
The answer to this argument is, that this provision in the contract to pay one-third in stock, was made for the .benefit of the Company, and that they alone could avail themselves of it, which they declined to do, but voluntarily waived it; not for the individual benefit of the defendant, but for the joint benefit of both complainant and defendant ; and that this privilege having been waived by the only party who had the right to insist upon it, it cannot now be set up by the defendant or any other person; that the Company did not pay any part of the demand in stock: they retained the amount of $1000, w'hich the defendant was owing them in cash for the stock for which he had previously subscribed; and they deducted $100, in payment for the stock previously taken by the complainant ; and the balance they paid in cash.
Neither of the parties own any more stock now than they did before this contract with, the Company was entered into. If the Company had paid them one-third in stock, amounting to $1100, then the complainant would still be the individual owner of his $100 in stock, for which he had previously subscribed; . and the defendant *219 ■would still individually own Ms $1000 in stock, for which he had previously subscribed; and they would have been the joint owners of the $1100 of stock paid them by the Company; making the defendant’s entire interest in the depreciated stock $1550 instead of $1000; and the entire interest of complainant $650 instead of $100.
We have seen, however, that instead of forcing them to take the additional stock, the Company applied the $1100 to the payment of the stock for which they had individually subscribed before this contract was entered into.
By this operation, a debt due from the defendant to the Company of $900, for his individual stock, was paid by the joint labor of complainant and defendant; and, instead of paying complainant one-half of that amount in cash, defendant insists that he has the right, under the contract made by him and complainant (as partners) with the Company, to force complainant to take $450 of his individual stock.
This would he indeed a strange construction of that contract. By the contract, there is no pretence that the parties intended to become partners in the stock already individually owned by each; but they were to receive jointly from the Company additional stock. But by this construction, instead of both receiving additional stock from the Company, the defendant, who had received no additional stock, is seeking to compel the complainant to take $450 of his own individual depreciated stock. This is certainly not within the contract, even if the defendant could be 'permitted to set up the provision in the contract which was made for the benefit of a third party, who has waived it, which we think he cannot do.
*220 The simple result is, that a debt of the defendant for $900 has been paid by the joint labor of himself and the complainant, for one-half of which complainant is entitled to a decree, with interest and costs.